IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOYCE ANDERSON,

    Plaintiff,

v.                                            Civil Action No. 1:11CV138
                                                                    (STAMP)

CONSOLIDATION COAL COMPANY
and CONSOL ENERGY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT,
DENYING DEFENDANTS' MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

I.  Background

In August 2011, the plaintiff, Joyce Anderson, commenced this civil action by filing a complaint in the Circuit Court of Marion County, West Virginia. The plaintiff alleges that after recovering from a work-related injury, she sought to return to work but the defendants, CONSOL Energy Incorporated ("CONSOL") and the Consolidation Coal Company ("CCC"), prohibited her from returning and thus terminated the plaintiff. The plaintiff asserts three claims arising from that termination. First, the plaintiff claims that the defendants terminated her and therefore retaliated against her as a result of their animus arising out of the plaintiff's filing of a workers' compensation claim or her future eligibility to file such a claim. Second, the plaintiff argues that her termination was also motivated by her gender, the perception that she had a disability, or her actual disability in violation of the

West Virginia Human Rights Act ("WVHRA"). Lastly, the plaintiff argues that the defendants violated the WVHRA by relying on osteoporosis as a reason for terminating the plaintiff from employment because such a practice has a disparate impact on women.

On September 1, 2011, the defendants removed the case to this Court based on diversity jurisdiction. The defendants thereafter, filed a motion to dismiss the plaintiff's complaint. Within this motion, the defendants argue: (1) the federal Labor Management Relations Act preempts state law claims that require the interpretation of a collective bargaining agreement ("CBA"); (2) the plaintiff is collaterally estopped from re-litigating any factual issues decided by the arbitrator; and (3) the plaintiff failed to name an indispensable party, in this situation the Union that prosecuted her grievance in arbitration. The plaintiff filed a response arguing: (1) the plaintiff's claim are not preempted by federal law because they do not require the interpretation of a CBA; (2) the decision of the arbitrator does not collaterally estop the plaintiff from pursuing the claims in her complaint in a judicial forum; and (3) the Union is not an indispensable party. Defendants thereafter filed a reply contesting the plaintiff's arguments and reasserting their arguments from the initial motion. Within this motion, the defendants insert an argument regarding the sufficiency of the plaintiff's complaint under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S.

662 (2009) standards. The plaintiff then filed a motion to file a surreply, which this Court neither granted nor denied.

Following the motion to file a surreply, the plaintiff filed a motion for leave to amend complaint. The plaintiff argues that this Court should not consider the defendants' Federal Rule of Civil Procedure 12(b)(6) <u>Iqbal</u> and <u>Twombly</u> argument. The defendants asserted this argument in their reply to the motion to dismiss by questioning the adequacy of the plaintiff's claim for reasonable accommodation. The plaintiff explains that because her complaint was originally filed in state court, she was not required to comply with the heightened federal pleading requirements. Furthermore, the plaintiff claims that the proposed amendments do not alter the cause of action as it appeared in the original complaint. Instead, the amended complaint only adds additional facts.

The defendants filed a response arguing that the plaintiff's proposed amendments would be futile as the amended complaint could not survive a motion to dismiss under Rule 12(b)(6). Specifically, the defendants claim that the plaintiff's arguments regarding disability discrimination fail to state a claim upon which relief can be granted because the plaintiff is not entitled to an accommodation based on the plaintiff's amendments. The defendants further argue that the plaintiff's references to the CBA and arbitration in the amendments underscore the fact that a resolution

of her claims necessarily requires interpretation of the CBA and therefore the matter is preempted by federal law.  Finally, the defendants argue that the plaintiff cannot establish a prima face case of either gender discrimination or disability discrimination.

The plaintiff then replied by arguing first that the amendments are not aimed at the preemption argument, the preclusion argument, or the indispensable party argument.  Instead, the plaintiff asserts that the only argument affected by the amended complaint is the Iqbal and Twombly argument.  The plaintiff further asserts that the defendants misconstrue her first amended complaint as she has not abandoned any of the claims in her initial complaint.  Thus, she may have been entitled to an accommodation. Next, the plaintiff claims that her complaint's reference to the CBA does not require interpretation of the CBA.  Lastly, the plaintiff argues that the defendants' contention that the plaintiff cannot establish a prima facie case should be rejected as such a contention requires this Court to address disputed facts.

For the reasons stated below, this Court finds that the plaintiff's motion for leave to amend the complaint is granted. Therefore, the defendants' motion to dismiss and the plaintiff's motion for leave to file a surreply and exhibit to the motion to dismiss are denied without prejudice.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## III. Discussion

The defendants' central argument in their response to the plaintiff's motion to amend the complaint is that such amendments would be futile and therefore this Court should not grant the motion to amend. The defendants claim that the plaintiff's amendments are futile because the amended complaint could not

survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Ordinarily, barring a showing that the plaintiff's proposed amendment is obviously frivolous or legally insufficient on its face, consideration of the substantive merits of the plaintiff's claim is not appropriate when considering a motion for leave. Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-511 (4th Cir. 1983); Kerns v. Range Res.-Appalachia, LLC, No. 1:10CV23, 2011 U.S. Dis. LEXIS 93920 *8 (N.D. W. Va, Aug. 23, 2011); see also Madison Fund, Inc. v. Denison Mines Ltd., 90 F.R.D. 89 (S.D. N.Y. 1981) (Defendant's argument regarding the sufficiency of amendment sought does not support denial of motion for leave to amend. Unless defendant can show that added claims are frivolous, motion for leave to amend is not appropriate time to argue merits of amendment.). Instead, the merits of a complaint are usually best resolved through a motion to dismiss or motion for summary judgment. Six, et al. v. Beegle, et al., No. 2:11cv698, 2012 U.S. Dist. LEXIS 115553 *8-9 (Aug. 16, 2012) (citations omitted). "However, if there is no set of facts that could be proven under the amendment [that] would constitute a valid and sufficient claim, leave should be denied." Id. at *9 (citations omitted). Therefore, various courts note that if an amended complaint cannot withstand a motion to dismiss, a court should deny the motion to amend as futile. Perkins v. United States, 55 F.3d 910, 917 (4th

Cir. 1995) (citing <u>Glick v. Koenig</u>, 766 F.2d 265, 268-69 (7th Cir. 1985)); <u>Frank M. McDermott, Ltd. v. Moretz</u>, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); <u>see also</u> <u>Kerns</u>, No. 1:10CV23, 2011 U.S. Dis. LEXIS 93920 at *8 (finding that the plaintiffs' proposed amendments are insufficient on their face and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

This Court finds that the plaintiff's amendments are not subject to a motion to dismiss under Rule 12(b)(6). The plaintiff's amendments concern her disability discrimination claim. These amendments provide additional facts and information concerning her disability claim and are thus not frivolous, nor do they make any claim of the plaintiff's insufficient on its face. The plaintiff has plead her disability claim in the alternative. The plaintiff contends in her amended complaint that while she does not believe she is disabled, if she is determined to be disabled, she was denied a reasonable accommodation. ECF No. 34 Ex. 1 *6. While the defendants' contention that the plaintiff is not entitled to an accommodation if the plaintiff is not disabled may or may not be correct, the plaintiff may certainly be entitled to an accommodation if she is determined to be disabled. Therefore, the defendants' claim that the motion to amend should be denied because

the plaintiff has failed to state a claim under Rule 12(b)(6) because she is not entitled to an accommodation fails.

The defendants' further arguments concerning preemption and the plaintiff's ability to establish a prima facie case of disability or gender discrimination, concern the substantive merits of this case and involve factual disputes. As this Court explained above, the plaintiff's amendments are not frivolous, nor do they make any of her claims legally insufficient on their face. Thus, the defendants' arguments are more appropriately brought in a motion to dismiss or summary judgment motion rather than in opposition to a motion to amend.

Additionally, there is no evidence that any of the other grounds for denying a motion to amend apply to bar amendment in this case. Undue delay is not at issue in this case, as the plaintiff filed the motion to amend in accordance with this Court's scheduling order (ECF No. 10 *3-4) and upon notification of the defendants' <u>Twombly</u> and <u>Iqbal</u> argument. Nor is there any indication of bad faith or dilatory motive on the part of the plaintiff, and as this is the plaintiff's first request to amend her complaint, there has not been repeated failure to cure deficiencies. Finally, and most importantly, this Court finds that there is no evidence to support a finding that amendment would unduly prejudice the defendants. Therefore, the plaintiff is granted leave to amend.

8

Also pending before this Court is the defendants' motion to dismiss and the plaintiff's motion to file a surreply to the defendants' motion to dismiss. Because these motions rely upon the plaintiff's original complaint, which is now superseded by the amended complaint, this Court finds that the motions are moot. Accordingly, this Court must deny these motions without prejudice subject to refiling based upon the allegations of the amended complaint.

IV. Conclusion

For the reasons set forth above, the plaintiff's motion for leave to file an amended complaint (ECF No. 34) is GRANTED. The Clerk is DIRECTED to file the plaintiff's amended complaint, which is attached as an exhibit to the plaintiff's motion for leave to file an amended complaint (ECF No. 34). Further, the defendants' motion to dismiss (ECF No. 19) and the plaintiff's motion for leave to file a surreply (ECF No. 33) are DENIED WITHOUT PREJUDICE subject to refiling based upon the allegations and contents of the amended complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      October 25, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE