# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOYCE ANDERSON,

    **Plaintiff,**

v.                                                          Civil Action No. 1:11-cv-138

CONSOLIDATION COAL COMPANY,

    **Defendant.**

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiff Joyce Anderson's ("Anderson") "Motion to Compel Responses to Plaintiff's Ninth and Tenth Sets of Combined Discovery Requests," filed on April 1, 2014. (Docket No. 170.) Defendant Consolidation Coal Company ("Consol") filed a response on April 18, 2014. (Docket No. 194.) Anderson filed a reply on April 22, 2014. (Docket No. 198.) This matter was referred to the undersigned by United States District Judge Frederick P. Stamp, Jr. on December 30, 2013. (Docket No. 103.)

## I. Relevant Procedural History

On August 2, 2011, Anderson filed a Complaint in the Circuit Court of Marion County, West Virginia, asserting that Consol and Consol Energy, Inc. engaged in workers' compensation retaliation and violations of the West Virginia Human Rights Act. (Docket No. 3-1.) The matter was removed to this Court by Consol on September 1, 2011. (Docket No. 3.) On May 18, 2012, Consol and Consol Energy, Inc. filed a motion to dismiss. (Docket No. 19.) Anderson subsequently filed a motion for leave to amend her Complaint. (Docket No. 34.) On October 25, 2012, District Judge Stamp denied the motion to dismiss and granted Anderson's motion for leave to amend her Complaint. (Docket No. 37.)

Anderson filed her First Amended Complaint on October 25, 2012. (Docket No. 38.) On November 8, 2012, Consol and Consol Energy, Inc. filed a motion to dismiss. (Docket No. 39.) On February 11, 2013, District Judge Stamp entered an Order approving the parties' stipulation to dismiss Consol Energy, Inc. as a party to this matter. (Docket No. 56.) District Judge Stamp denied the motion to dismiss Anderson's First Amended Complaint on May 8, 2013. (Docket No. 64.)

Anderson served her Ninth Set of Combined Discovery Requests on February 20, 2014. (Docket No. 147.) The two following discovery requests at issue from that service are:

> **REQUEST NO. 3:** Produce the quarterly reports for the years 2008, 2009, and 2010 with information about workers' compensation costs described by Pamela Layton at her deposition in this case.
>
> **REQUEST NO. 4:** State, by name, position and job location, the person(s) to whom the reports in the above request were distributed and how they were distributed (mail, facsimile, e-mail, etc.).

(Docket No. 170 at 1; Docket No. 194 at Ex. A, pg. 2.) Consol responded:

> **OBJECTION [to Request No. 3]:** The Defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it is irrelevant and not sufficiently limited to issues, conditions, or locations relevant to the Plaintiff's claims. This request also seeks irrelevant information regarding the workers' compensation claim costs for non-parties after Ms. Anderson's termination.
>
> **OBJECTION [as to Request No. 4]:** The Defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it is irrelevant and not sufficiently limited to issues, conditions, or locations relevant to the Plaintiff's claims.

(Id. at Ex. A, pg. 2-3.)

Anderson served her Tenth Set of Combined Discovery Requests on March 3, 2014. (Docket No. 150.) The only request contained in that set is as follows:

**REQUEST NO. 1:** At her deposition on February 28, 2014, Paulette Gailey testified that there were documents prepared for each mine every six (6) months that included, among other things, the workers' compensation costs for prior periods of time. Provide copies of these documents for the West Virginia mines of the Consolidation Coal Company for the years 2006 through 2010.

(Docket No. 170 at 5; Docket No. 194 at Ex. B.) Consol responded:

**OBJECTION:** The Defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it is irrelevant and not sufficiently limited to issues, conditions, or locations relevant to the Plaintiffs [sic] claims. This request also seeks irrelevant information regarding the workers' compensation claims costs for non-parties after Ms. Anderson's termination.

(Docket No. 194, Ex. D.)

Having failed in "good faith negotiations," Anderson filed the instant motion to compel.

## II. Contentions

Anderson contends that the Court should compel responses to the discovery requests cited above for the following reasons:

1. Consol's objections "include the type of boilerplate objections that have been rejected by this Court";

2. The requests for the reports is neither vague nor unduly burdensome;

3. The information requested may "support an inference that the employer's decisions were tainted by its concern to reduce workers' compensation cases rather than its alleged concern for . . . Anderson's well being"; and

4. The information sought would be covered by the protective orders previously entered in this case.

(Docket No. 170 at 2-6.)

Consol argues that the Court should deny Anderson's motion to compel because:

1. The requested workers' compensation cost reports are irrelevant;

3

2. The plaintiff's requests are overbroad on their face in that they seek significantly more information than could ever relate to Plaintiff's case; and

3. Production of the workers' compensation cost reports would unduly prejudice the defendant.

(Docket No. 194 at 3-9.)

In her reply, Anderson argues:

1. The requested workers' compensation cost reports are reasonably calculated to lead to the discovery of admissible evidence;

2. The plaintiff's requests are not overbroad on their face; and

3. Production of the cost reports would not "unduly" prejudice the defendant.

(Docket No. 198 at 3-8.) Furthermore, as to Request No. 3, Anderson "is willing to modify this Request to reports from January 1, 2008 through July 1, 2010." (Id. at 2.) As to Request No. 1, she is willing to "limit the Request to those [reports] prepared before July 1, 2010." (Id. at 3.)

### III. Discussion

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The scope and conduct of discovery . . . are within the sound discretion of the district court." Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). A party may file a motion to compel when another party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). When a motion to compel is filed, the party opposing the motion bears the burden of showing why it should not be granted. See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State

4

Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

## A.   "Boilerplate Objections"

A party may object to a discovery request that the party believes exceeds the scope of allowable discovery, but "the party resisting discovery has the burden of clarifying, explaining and supporting its objections." Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., No. 05-CV-41, 2006 WL 2715164, at *1, *5-6 (N.D. W. Va. Sept. 21, 2006). "The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D. W. Va. 2004). Such objections are highly disfavored in the Fourth Circuit. See, e.g., Hager v. Graham, 267 F.R.D. 486, 492 (N.D. W. Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); Mills v. East Gulf Coal Prep. Co., 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). The "[f]ailure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections." Mills, 259 F.R.D. at 132.

Here, the undersigned finds that Consol's objection that the discovery requests are "vague" and "unduly burdensome" are the type of "boilerplate" objections that have been previously rejected by this Court. Consol has not made any attempt to describe how these requests are "vague." Furthermore, the Court can limit a discovery request if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

5

"[T]he burden is on the party who has raised such an objection to prove that it is overly burdensome." Byard v. Verizon W. Va., Inc., No. 1:11CV132, 2013 WL 30068, at *11 (N.D. W. Va. Jan. 2, 2013). Here, Consol has also not made any attempt to demonstrate that the disputed discovery requests are unduly burdensome. Accordingly, the undersigned finds that Consol's objections based upon vagueness and undue burden are without merit.

## B.   Relevancy

As noted above, Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In her First Amended Complaint, Anderson's first cause of action is as follows:

> The decisions of CCC and CONSOL to require Ms. Anderson to undergo medical examinations, to schedule those examinations with physicians who lacked expertise in osteoporosis, to contest Ms. Anderson's doctor's release for her to return to work, and/or to terminate Ms. Anderson's employment were motivated, in whole, or in substantial part, by an animus arising out of Ms. Anderson's filing of a Workers' Compensation claim and/or her future eligibility to file a Workers' Compensation claim in violation of West Virginia Code § 23-5A-1 *et seq.*, including the definition at W. Va. Code § 23-5A-3(b), and the public policy set forth in § 23-1-1 *et seq.*, and the decisions of the Supreme Court of Appeals of West Virginia.

(Docket No. 38 at ¶ 66.)

The West Virginia Supreme Court of Appeals has held that

> [i]n order to make a prima facia case of discrimination under W. Va. Code, 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W. Va. Code 23-1-1 *et seq.*; and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

Syl. Pt. 1, Powell v. Wyoming Cablevision, Inc., 184 W. Va. 700, 701, 403 S.E.2d 717, 718 (1991). As the Powell Court went on to note,

> "[i]n a case premised on an alleged violation of a statute purposed to counter

retaliation or other discrimination, we must keep in mind that those engaged in such conduct rarely broadcast their intentions to the world. Rather, employers who practice retaliation may be expected to seek to avoid detection, and it is hardly to be supposed that they will not try to accomplish their aims by subtle rather than obvious methods[.]"

Id., 184 W. Va. at 704, 403 S.E.2d at 721 (quoting Axel v. Duffy-Mott Co., 47 N.Y.2d 1, 6, 389 N.E.2d 1075, 1077 (1979)).

The undersigned finds that the requested information is relevant to whether Anderson's workers' compensation claim was a "significant factor in [Consol's] decision to discharge or otherwise discriminate against [Anderson]." Id., 184 W. Va. at 701, 403 S.E.2d at 718. However, the undersigned agrees with Consol that the requests are overly broad as to their temporal scope. As noted above, Anderson is willing to modify Request No. 3 to reports covering the period from January 1, 2008 through July 1, 2010. (Docket No. 198 at 2.) Accordingly, Request No. 3 will be modified to state:

> **REQUEST NO. 3:** Produce the quarterly reports for the period from January 1, 2008 until July 1, 2010, with information about workers' compensation costs described by Pamela Layton at her deposition in this case.

With that modification, Consol is directed to provide adequate and complete responses to Requests No. 3 and 4.

As to Request No 1 in Anderson's Tenth Set of Combined Discovery Requests, Anderson is willing to limit the request to those reports prepared before July 1, 2010. (Docket No. 198 at 3.) However, the undersigned finds that further limiting the request to reports covering the period from January 1, 2008 through July 1, 2010 provides a more tightly focused temporal scope for the request. Accordingly, Request No. 1 will be modified to state:

> **REQUEST NO. 1:** At her deposition on February 28, 2014, Paulette Gailey testified

> that there were documents prepared for each mine every six (6) months that included, among other things, the workers' compensation costs for prior periods of time. Provide copies of these documents for the West Virginia mines of the Consolidation Coal Company for the period from January 1, 2008 until July 1, 2010.

With that modification, Consol is directed to provide adequate and complete responses to Request No. 1.

The undersigned notes that in its response, Consol argues that "even if it is found that the reports are relevant on some level, they are extremely misleading for the purposes intended by [Anderson] and, therefore, prejudicial to [Consol]. Accordingly, the reports would be inadmissible in Court." (Docket No. 194 at 8.) Consol further states that Anderson "must request evidence reasonably likely to lead to discovery of admissible evidence, rather than irrelevant documentation whose only use at trial would unduly prejudice [Consol]." (Id. at 9.) However, as noted above, Fed. R. Civ. P. 26(b)(1) provides that "[r]elevant information need **not** be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (emphasis added). Furthermore, the undersigned notes that the question of admissibility pursuant to Fed. R. Evid. 403 is a question for the trial judge, which he is not, to determine. Accordingly, the question of whether the requested information will be admissible at trial has no bearing at this juncture of the case on Anderson's right to receive the information as part of discovery.

## IV.   Conclusion

In sum, the undersigned finds that the information Anderson has requested regarding workers' compensation costs is relevant to her claim that Consol retaliated against her for filing a workers' compensation claim. Accordingly, Consol is directed to provide adequate and complete responses to the following modified requests:

**REQUEST NO. 3:** Produce the quarterly reports for the period from January 1, 2008 until July 1, 2010, with information about workers' compensation costs described by Pamela Layton at her deposition in this case.

**REQUEST NO. 4:** State, by name, position and job location, the person(s) to whom the reports in the above request were distributed and how they were distributed (mail, facsimile, e-mail, etc.).

**REQUEST NO. 1:** At her deposition on February 28, 2014, Paulette Gailey testified that there were documents prepared for each mine every six (6) months that included, among other things, the workers' compensation costs for prior periods of time. Provide copies of these documents for the West Virginia mines of the Consolidation Coal Company for the period from January 1, 2008 until July 1, 2010.

### V.  Decision and Order

For the foregoing reasons, Anderson's "Motion to Compel Responses to Plaintiff's Ninth and Tenth Sets of Combined Discovery Requests" (Docket No. 170) is **GRANTED**. Consol shall serve adequate and complete responses to the discovery requests at issue, as modified above, within fourteen (14) calendar days following entry of this Order/Opinion. The Court further **ORDERS** that the responses be disclosed subject to the Agreed Protective Order previously entered by the Court. (Docket No. 85.)

In accord with Fed. R. Civ. P. 37(a)(5)(A), Anderson shall submit and serve on counsel of record for Consol its claim for "reasonable expenses," if any, including attorneys' fees, necessitated by the conduct of the party and/or party's attorney which necessitated the filing and prosecution of the subject motion to compel within fourteen (14) days following entry of this Order/Opinion. Consol shall have fourteen (14) days following the filing of Anderson's claim to file any written objections she may have to the reasonableness of the claimed expenses. Only in the event Anderson files a claim for expenses and Consol timely objects, will the Court schedule "an opportunity to be heard" hearing on the reasonableness of the fees and costs claimed.

It is so **ORDERED**.

The Clerk is directed to remove Docket No. 170 from the docket of motions actively pending before the Court.

The Clerk is further directed to provide copies of this Order/Opinion to all counsel of record.

DATED: April 23, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE